1
2
3
4
5
6
7
8               **UNITED STATES DISTRICT COURT**
9         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, | Case No. 2:20-cv-04684-ODW-JEM |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | Judge:   Hon. Otis D. Wright, II<br>Magistrate Judge: John E. McDermott |
| AKOP ARUTYUNYAN and ANAHIT ARUTYUNYAN, | |
| Defendants. | DISCOVERY MATTER |
| AND RELATED COUNTER-CLAIM | |

    Plaintiff, Transamerica Life Insurance Company ("Transamerica" and/or "Plaintiff"), and Defendants/Counter-Claimants, Akop Arutyunyan ("Akop") and Anahit Arutyunyan ("Anahit") (collectively "Arutyunyan" and/or "Defendants"), hereby agree to the terms of this Stipulated Confidentiality and Protective Order in connection with this matter (the "Litigation"):

    1.    **Scope**.  All materials produced or adduced in the course of discovery, including, but not limited to, initial disclosures, responses to discovery requests, deposition testimony and exhibits, documents produced in response to a subpoena, and information derived directly therefrom (collectively "documents"), shall be subject to

LEGAL\51774797\1

this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information**. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing Party, receiving Party, producing non-party or "covered entity" as identified in Paragraph 3 that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; or (d) medical, mental health and other Protected Health Information ("PHI") concerning Akop, and/or any other individual. Information or documents that are available to the public will not be designated as Confidential Information.

3. **Qualified Protective Order Pursuant to HIPAA**. This Order is meant to be a "qualified protective order" pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), 45 C.F.R. § 164.512(e)(1), which governs the disclosure of PHI in the course of judicial proceedings. This Order applies to any and all records produced by a "covered entity" as defined by 45 C.F.R. §160.103, which has received a request or subpoena for medical or other records which include PHI as defined by 45 C.F.R. §160.103.

    A. During the course of this Litigation, it may be necessary for "covered entities", the parties, their attorneys or others to disclose medical, or other types of records, which contain PHI, as that term is defined under HIPAA and the Federal Regulations enacted pursuant to said Act.

    B. All PHI disclosed by any "covered entity" or any of Akop's healthcare providers or mental healthcare providers shall be used for the sole purpose of preparing for or conducting this Litigation, including, but not limited to, investigation, consultation, discovery, depositions, trial preparation, trial, appeal, resolution,

mediation or uses incidental to the proceedings in this case, and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

C.     PHI produced pursuant to this HIPAA Qualified Order may include, in addition to all other categories of PHI, information related to sexually transmitted disease, genetic testing, HIV, behavioral or mental health services, and treatment for alcohol and drug abuse.

D.     By Order of this Court, any and all records containing PHI may be disclosed without further notice, by any "covered entity" or healthcare provider, party or party's attorneys, to:

i.     The parties themselves, the parties' attorneys, experts, consultants, any witness or other person retained or called by the parties, treating physicians, other healthcare providers, insurance carriers, or other entities from whom damages, compensation, or indemnity is sought, and any entity performing, monitoring, or adjusting activities on behalf of such insurance carrier or other entity and/or their employees, agents, or third-party administrators for any of the parties involved in litigation; in any proceeding for health oversight activities as permitted under 45 C.F.R. 164.512, court reporters, copy services, other similar vendors to the parties and their attorneys, as well as the professional and support staff of all of the above.

ii.     Prior to disclosing PHI to persons involved in this Litigation, counsel shall inform each such person that PHI may not be used or disclosed for any purpose other than this Litigation.  Counsel shall take all other reasonable steps to ensure that persons receiving PHI do not use or disclose such information for any purpose other than this Litigation.

iii.     Within sixty (60) days after dismissal of this Litigation or entry of final judgment not subject to further appeal, the parties, and each entity governed by this Order shall either (a) destroy, or (b) return to the entity who originally produced it, all PHI, including copies made, provided, however, that said PHI may be retained in the files of the entities listed in subparagraph (i) above and may be

-3-

1  destroyed pursuant to their regular file retention policies rather than within sixty (60)

2  days, so long as the PHI is maintained in a secure environment.

3      **4.   Good Cause Statement.**

4      In this action, Plaintiff Transamerica alleges fraud, civil conspiracy and other

5  causes of action against Defendants in connection with a claim for benefits initiated by

6  Akop under a Comprehensive Long-Term Care Insurance Rider to a Flexible Premium

7  Adjustable Life Insurance Policy issued by Transamerica to Anahit.  The Policy insures

8  Akop, Anahit's father.  Discovery is needed regarding, *inter alia*, Akop's medical

9  conditions, his alleged inability to perform Activities of Daily Living, as that term is

10 defined in the Rider, and the alleged care that Akop received, among other related

11 categories of documents and information.  This discovery will include the disclosure of

12 medical, mental health and other Protected Health Information ("PHI") concerning

13 Akop.  It is, therefore, necessary that this Order include a "qualified protective order"

14 pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), 45

15 C.F.R. § 164.512(e)(1), which governs the disclosure of PHI in the course of judicial

16 proceedings.

17      **5.   Designation.**

18          A.   The parties may designate a document as Confidential Information

19 for protection under this Order by placing or affixing the words "CONFIDENTIAL" on

20 the document and on all copies in a manner that will not interfere with the legibility of

21 the document.  As used in this Order, "copies" includes electronic images, duplicates,

22 extracts, summaries or descriptions that contain the Confidential Information.  The

23 marking "CONFIDENTIAL" shall be applied prior to or at the time of the documents

24 are produced or disclosed.  Applying the marking "CONFIDENTIAL" to a document

25 does not mean that the document has any status or protection by statute or otherwise

26 except to the extent and for the purposes of this Order.  Any copies that are made of any

27 documents marked "CONFIDENTIAL" shall also be so marked, except that indices,

28 electronic databases or lists of documents that do not contain substantial portions or

-4-

1  images of the text of marked documents and do not otherwise disclose the substance of

2  the Confidential Information are not required to be marked.

3          B.      The designation of a document as Confidential Information is a

4  certification by an attorney or a party appearing *pro se* that the document contains

5  Confidential Information as defined in this Order.

6          6.      **Depositions**.  Unless all parties agree on the record at the time the

7  deposition testimony is taken, not all deposition testimony taken in this case shall be

8  treated as Confidential Information unless a party believes in good faith that it reveals

9  Proprietary Information.  "Proprietary Information" shall mean trade secrets or other

10 information which, if disclosed to another, could result in injury or harm to a party's

11 business interests including, but not limited to, business, accounting, sales, marketing,

12 and employment records, procedures, licenses, agreements and contracts, investor

13 information, trade data and research and development documents, customer lists, and

14 computer software programs.  "Propriety Information" does not include information

15 including, but not limited to, records, procedures, data and software programs that are

16 in the public domain.  Such testimony must be designated by a party as Confidential at

17 the time of the testimony.  The designated testimony will remain Confidential until the

18 expiration of the fifteenth (15th) day after the official transcript is first delivered to the

19 party seeking to designate the testimony as Confidential.  A party may serve a Notice of

20 Designation within fifteen (15) days to all parties of record as to specific portions of the

21 testimony that are designated Confidential Information and, thereafter, those portions

22 identified in the Notice of Designation shall be protected by the terms of this Order.

23 Any party may challenge the Confidential Information designation in accordance with

24 the procedures set forth in Paragraph 11 below.

25          7.      **Protection of Confidential Information**.

26          A.      General Protections.  Confidential Information shall not be used or

27 disclosed by the parties, counsel for the parties or any other person identified in

28

1   subparagraph B. for any purpose other than in this Litigation, and any appeal thereof,

2   unless required to do so by law.

3                    B.      Limited Third-Party Disclosures.  The parties and counsel for the

4   parties shall not disclose or permit the disclosure of any Confidential Information to

5   any third person or entity except as set forth in subparagraphs (i)-(ix).  Subject to these

6   requirements,  the  following  categories  of  persons  may  be  allowed  to  review

7   Confidential Information:

8                         i.      Counsel.  Counsel for the parties and employees of counsel

9   who have responsibility for the Litigation;

10                        ii.      Parties.  Individual parties and employees of a party but only

11   to the extent that counsel determines in good faith that the employee's assistance is

12   reasonably  necessary  to  the  conduct  of  the  Litigation  in  which  the  information  is

13   disclosed;

14                       iii.      The Court and its personnel;

15                       iv.      Court Reporters and Recorders.  Court reporters and recorders

16   engaged for depositions;

17                        v.      Contractors.   Those  persons  specifically  engaged  for  the

18   limited purpose of making copies of documents or organizing or processing documents,

19   including outside vendors hired to process electronically stored documents;

20                       vi.      Consultants  and  Experts.   Consultants,  investigators,  or

21   experts employed by the parties or counsel for the parties to assist in the preparation

22   and trial of this action;

23                       vii.      Witnesses at depositions.  During their depositions, witnesses

24   in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a

25   copy of documents containing Confidential Information, except that witnesses may

26   receive a copy of all exhibits marked at their depositions in connection with review of

27   the transcripts.

28

viii.    Author or recipient.  The author or recipient of the document (not including a person who received the document in the course of Litigation); and

ix.    Others by Consent.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.[1]

8.    **Inadvertent Failure to Designate**.  An inadvertent failure to designate a document or deposition testimony as Confidential Information does not, standing alone, waive the right to so designate the document or testimony.  If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

9.    **No Waiver by Disclosure.**  This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.  If a party discloses information in connection with the Litigation that such party thereafter determines to be privileged or protected by the attorney-client privilege or work product privilege ("Privileged Information"), the disclosures of that Privileged Information will not, standing alone, constitute or be deemed a wavier or forfeiture of the privilege – in this or any other action – of any claim of privilege or work product protection that the party would otherwise be entitled to assert with respect to the Privileged Information and its subject matter, provided: A producing party must promptly notify the party receiving the Privileged Information, in writing, that it has disclosed Privileged Information without intending a waiver by the

---

[1]  The parties hereby agree that such agreement shall not be unreasonably withheld.

disclosure with explanation as specific as possible why the information is privileged. Upon such notification, the receiving party must promptly notify the producing party that it will make best efforts to destroy or delete the Privileged Information and provide certification that it will cease further review, dissemination and use of the Privileged Information.

10.  **Filing of Confidential Information**.  This Order does not, by itself, authorize the filing of any document under seal.

11.  **Challenges by a Party to Designation as Confidential Information**. The designation of any material or document as Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

A.  Meet and Confer.  A party challenging the designation of Confidential Information must do so promptly and in good faith and must begin the process by conferring directly, in person or telephonically, with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party a reasonable opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.

B.  Judicial Intervention.  A party that has made a challenged confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the designation.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

12.  **Action by the Court**.  Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion unless otherwise instructed by the Court.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

13. **Use of Confidential Documents or Information at Trial**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court and the parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

14. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

A.    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this Litigation as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order unless prohibited by law.

B.    The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

C.    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this

-9-

paragraph remain in effect while the receiving party has in its possession, custody or control Confidential Information by the other party to this case.

15. **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

16. **Obligations on Conclusion of Litigation.**

A. Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

B. Obligations at Conclusion of Litigation. Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" under this Order, including copies as defined in Paragraph 4.A., shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

C. Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

LEGAL\51774797\1

        D.     Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

     17.    **Order Subject to Modification**.  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

     18.    **No Prior Judicial Determination**.  This Order is entered based upon the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

     19.    **Persons Bound**.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms

APPROVED BY THE COURT.  SO ORDERED.

Dated: 4/9/2021

_____
Honorable John E. McDermott

LEGAL\51774797\1